La REDDOLA, LESTER & ASSOCIATES, LLP
Attorneys for Plaintiff
600 Old Country Road, Suite 230
Garden City, New York 11530
(516) 745-1951
rjl@llalawfirm.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

RUSSELL DAVENPORT, Individually and on behalf
of all others similarly situated,

Case No.:

Plaintiff,

**CLASS ACTION
COMPLAINT**

-against-

**Jury Trial Demanded**

COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
NASSAU COUNTY POLICE COMMISSIONER
PATRICK RYDER, individually and in his
official capacity, CHRISTOPHER V. TODD, ESQ.,
individually and in his official capacity,
NASSAU COUNTY SHERIFF'S DEPARTMENT,
NASSAU COUNTY SHERIFF VERA FLUDD,
individually and in her official capacity,
"JOHN DOE #1 - 3", individually
and in his official capacity, through "JANE DOE
# 1-3", individually and in her official capacity,
the last three names being fictitious and unknown
to the Plaintiff, but intended to designate parties
with an interest and knowledge of in the facts herein,

Defendants.

-------------------------------------------------------------X

Plaintiff Russell Davenport, by his attorneys, La Reddola, Lester & Associates,

LLP, for his complaint against the Defendants, alleges:

## NATURE OF ACTION

1.      This is a civil rights class action lawsuit brought by Plaintiff Russell

Davenport ("Davenport"), individually and on behalf of a class of all other persons

1

similarly situated (the "Class Members").  This Complaint alleges the following based upon personal knowledge as to Plaintiff Davenport and his own acts, and for Class Members based upon information and belief as to all other matters, based upon the investigation conducted by and through Davenport's attorneys, seeking a declaratory judgment, injunctive relief and monetary damages pursuant to 42 U.S.C. §1983 for violation of the rights under the Second, Fourth and Fourteenth Amendments of the Constitution, a *Monell* claim against Defendants for creation and maintenance of an unconstitutional policy, a claim under 42 U.S.C. §1981 for intentional and malicious discrimination based upon race and ethnicity, as well as pendent state claims for conversion, replevin and legal fees.  Davenport believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

2.    The Defendants claim at all times relevant to this action to have inherent authority under Penal Law §400.00 (11) to revoke a pistol license  "at any time", even without the occurrence of a separate disqualification event resulting from a criminal or family court order, or by having performed some other disqualifying  act under Federal or State Law.

3.    Under this overly board misinterpretation of Penal Law §400.00 (11), Defendants have set up a series of policies and practices enforced by the Nassau County Police Department and the Nassau County Sheriff's Department that has resulted in unconstitutional violations to the rights of the citizens of the County of Nassau.

4.    Davenport and the Class Members consist of those who have suffered under this deliberate, unconstitutional, policy.

5.      One manifestation of this policy is the  including policy of the  County of Nassau, Nassau County Sheriff's Department,  Nassau County Sheriff Vera Fludd, John Does #1-3, and Jane Does #1-3,  (collectively "Defendants") to confiscate all firearms, including handguns, rifles and shotguns when serving any Family Court Act Order, Ex Parte or Temporary Orders even when the Order issued under the Family Court Act under Article 4, 5, 6, 8 and or 10 using General Form 5, (dated 12/2013, (current to date)) does not order firearms removal.

6.      The General Form 5 has a provision stating:

[12] Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: _____ and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but in no event later than [specify date/time]: _____ at [specify location]: _____.

7.      Even in cases where the above language is not included, the County of Nassau, Nassau County Sheriff's Department,  Nassau County Sheriff Vera Fludd, John Does #1-3, and Jane Does #1-3,  (collectively "Defendants") to confiscate all firearms.

8.      As a second manifestation of this unconstitutional policy as a result of the County's overly broad interpretation of Penal Law §400.00(11) Davenport and others have had their Nassau County pistol license improperly revoked.

9.      As a third manifestation of this unconstitutional policy is that as a consequence of the revocation of the pistol license, the County, the Nassau County Police Department and other Defendants declare the former licensee to now be ineligible  to own or possess any rifle or shotgun.

3

10.     In essence, this is a County-wide ban on ownership of any firearm as a loss of a pistol license.

11.     As a forth manifestation, the County fails to offer a home premises license on its application, which has contributed to a significant disparity between the ownership of firearms in the  non-white communities of Nassau County with fewer police retirees, as an intentional policy to deter, discriminate, hamper and limit ownership of legal handguns in the minority communities.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction of this action under 28 U.S.C. §1331. This action arises under the Constitution and Laws of the United States and under 28 U.S.C. §1343(a)(3)-(4) in that this action seeks to redress the deprivation, under color of the laws, statues, ordinances, regulations, customs and usages of the State of New York, of rights, privileges or immunities guaranteed to Davenport and the Class Members under the Second, Fourth and Fourteenth Amendments of the Unites States Constitution. This Court has supplemental jurisdiction over Davenport's state law claim under 28 U.S.C. §1367(a).

13.     This action is also to remedy the discrimination in the issuance and administration of the Nassau County Pistol License laws based upon race, ethnicity and national origin in violation of 42 U.S.C. §§1981 and 1988.

14.     This action seeks declaratory judgment, injunctive relief, compensatory and punitive damages to secure future protection and to redress the past deprivations of rights secured to Davenport under State and Federal law.

15.     Pursuant to New York General Municipal Law §50-e and §50-l, Davenport filed a Notice of Claim and more than 90 days have elapsed since the service of the Notice

4

of Claim upon the Defendants and compliance, adjustment or payment thereof has been neglected or refused. A copy of the Notice of Claim and Affidavit of Service of the Notice of Claim are attached as Exhibit 1.

16.     Venue in this judicial district is proper under 28 U.S.C §1391(b), since all of the events and omissions giving rise to the Davenport's claims arose in Nassau County and in this judicial district. Moreover, upon information and belief, all parties currently reside or maintain offices in Nassau County.

## **PARTIES**

17.     Plaintiff Davenport is a citizen of Nassau County, residing at 150 Elmwood Avenue, Roosevelt, New York 11575.

18.     Upon information and belief, Defendant County of Nassau (hereinafter referred to interchangeably as "the County" or "Nassau County") is a duly constituted municipal corporation of the State of New York, existing and operating under and by virtue of the laws of the State of New York.

19.     Upon information and belief the Defendant Nassau County Police Department (hereinafter referred to interchangeably as "the Police Department," or "NCPD") is an administrative arm of the County with offices located at 1490 Franklin Avenue, Mineola, New York.

20.     Upon information and belief, the Defendant Nassau County Police Commissioner Patrick Ryder (hereinafter referred to as "Ryder" or Commissioner Ryder"), at all relevant times was the commissioner of the Police Department with an office located at 1490 Franklin Avenue, Mineola, New York.

5

21.    Upon information and belief, Defendant Christopher V. Todd, Esq. (hereinafter "Appeals Officer" or "Todd") is in house counsel for the Nassau County Police Department who issued August 24, 2018 the "Appeals Officer's Findings and Recommendations" and signed the document as "Appeals Officer", which contains multiple errors, omissions and misstatements of fact and law.

22.    Upon information and belief the Defendant Nassau County Sheriff's Department (hereinafter referred to interchangeably as "the Sheriff's Department," or "NCSD") is an administrative arm of the County with offices located at 100 Carman Avenue, East Meadow, New York.

23.    Upon information and belief, the Defendant Nassau County Sheriff Vera Fludd, (hereinafter "Fludd") at all relevant times was the Sheriff of the County of Nassau with an office located at 100 Carman Avenue, East Meadow, New York.

24.    Upon information and belief, at all times relevant to the events giving rise to this action, the Defendants "John Does # 1-3", individually and in his official capacity and "Jane Does # 1- 3", individually and in her official capacity the last three names being fictitious and unknown to the Davenport, but intended to designate parties with an interest and knowledge of in the facts herein and who may be possible employees of the County of Nassau, Nassau County Police Department and Nassau County Sheriff's Department.

25.    All Defendants herein are being sued in both their official and individual capacities.

## **FACTUAL BACKGROUND**

26.    Plaintiff  Davenport, is a former law enforcement officer and holder of a Nassau County pistol license issued under the "proper cause" standard of Penal Law

LA REDDOLA, LESTER & ASSOCIATES, LLP | 600 OLD COUNTRY ROAD, SUITE 230 | GARDEN CITY, NY 11530

§400.00(2)(f), which states; to "have and carry concealed, without regard to employment; place of possession, by any person when proper cause exists for the issuance thereof;…".

27.     On or about January 13, 2017, at approximately 4:20 a.m., Davenport awoke to the sound of someone entering his backyard of his property, located at 150 Elmwood Avenue, Roosevelt, New York, where he resides with his wife and family.

28.     The intruder was there without right or without permission.

29.     Davenport immediately woke his wife who was asleep beside him.

30.     Davenport looked out of his bedroom window and observed an unknown individual pulling himself up to the bedroom window.

31.     He immediately grabbed his pistol, told his wife to call the police, and exited his house into his backyard.

32.     Davenport, upon entering his backyard, immediately and repeatedly told the intruder to stop and to lie on the ground and announced loudly that he had a weapon.

33.     The unknown individual despite being warned, charged at Davenport and attempted to strike him.

34.     Davenport braced and ducked in order to avoid the blow, and, in the process of doing so, slipped.

35.     While attempting to regain his balance, Davenport's pistol inadvertently discharged into the ground.

36.     Thereafter, the unknown individual immediately ceased his physical contact with the Davenport, and revealed himself to be an exterminator that Davenport had called to his home month ago.

La Reddola, Lester & Associates, LLP | 600 Old Country Road, Suite 230 | Garden City, NY 11530

37.     Plaintiff Davenport's wife called 911 for police assistance with the intruder. When the NCPD officers arrived, Russell Davenport requested the intruder be arrested.

38.     Instead, the intruder was released, Davenport however was arrested.

39.     On or about January 13, 2017, Plaintiff Davenport's three licensed handguns, shotgun, and rifle were confiscated by Nassau County, NCPD and Commissioner Ryder.

40.     Davenport was charged, via felony complaint, with reckless endangerment in the first degree.

41.     Following a grand jury presentment, the above-mentioned charge was dismissed from the Nassau County Criminal Court.

42.     On or about October 31, 2017, the District Attorney filed a second Prosecutor's Information, charging Davenport with reckless endangerment in the first degree, the exact charge that was dismissed by the grand jury, as well as reckless endangerment in the second degree in the Nassau County District Court.

43.     On July 27, 2018, the District Attorney filed an additional Prosecutor's Information, charging Davenport with prohibited use of weapons in the Nassau County District Court.

44.     On August 1, 2018, the District Attorney filed a superseding Prosecutor's Information, charging Davenport with reckless endangerment in the second degree, and two charges of prohibited use of weapons in the Nassau County District Court.

45.     On or about January 14, 2019, said charges along with any additional charges against Davenport were fully and finally dismissed by the Nassau County District

LA REDDOLA, LESTER & ASSOCIATES, LLP | 600 OLD COUNTRY ROAD, SUITE 230 | GARDEN CITY, NY 11530

Court, in the matter of the *People of the State of New York, vs. Russell Davenport*, Docket No.: CR-001210-17NA.

46.     On or about February 10, 2019 Davenport received a letter from the Defendants, in particular NCPD, Pistol License Section, and the Office of the Commissioner of Police, headed by Commissioner Ryder, dated February 7, 2019, which stated Davenport's Nassau County pistol license was revoked, effectively prohibiting him from possessing firearms, rifles and shotguns.

47.     The letter stated that after a complete and thorough investigation by the NCPD Pistol License Section, a determination was made that sufficient evidence exists to warrant revocation of Davenport's pistol license.

48.     The Defendants did not tell Davenport about any investigation regarding his license revocation, nor what evidence was being relied upon, nor did the Defendants interview the Davenport regarding the revocation of his license.

49.     The Revocation Letter stated that the factors that contributed to the determination (to revoke his pistol license) included unlawful use of a firearm and lack of good moral character.

50.     Upon information and belief, Defendants relied upon the criminal charges, (which were dismissed by the Grand Jury in the Criminal Court action) and District Court actions as the basis for revocation, and did not further investigation.

51.     The letter also told Davenport that he must surrender his pistol license and handguns along with any rifles and/or shotguns in his possession to the Pistol License Section of the NCPD.

9

52.    Additionally, Plaintiff Davenport was also told, in the February 7, 2019 letter, that all rifles and/or shotguns previously surrendered will remain in the custody of the Pistol License Section of the NCPD.

53.    The NCPD, Pistol License Section told Davenport that the retention of his rifles and/or shotguns is based upon a finding that continued possession of such weapons presents a risk to the safety of the public. The factors that contributed to this determination included: involvement in which he unlawfully discharged a weapon.

54.    Davenport was not convicted of unlawfully discharging a weapon in Criminal Court or District Court.

55.    Davenport was not given a hearing by Defendants prior to the Defendants making any of these determinations with regard his license revocation or the surrender of his rifles or shotguns.

56.    Upon receiving the Revocation Letter, Davenport became fearful with regard to exercising his right to lawfully possess a rifle or shotgun and his right to protect his home from intruders.

57.    More importantly, Davenport, a former law enforcement officer of 27 years, as well as a Federal Bureau of Investigations Certified Firearms Instructor (retired) and a New York State Firearms Instructor, was even more fearful, as the letter in prohibiting his lawful possession of a firearm, treated him as a criminal and unfit to carry in his home County despite being found fit for a proper cause pistol license under Penal Law §400.00(2)(f) .

58.    On or about April 5, 2019, Davenport administratively appealed the Defendants' Nassau County, NCPD and Commissioner Ryder's decision to revoke

10

Davenports license to carry a firearm despite being found to be not guilty of unlawfully discharging a weapon.

59.     On or about April 22, 2019, Davenport received the Appeal Decision from the NCPD, drafted by NCPD attorney Christopher V. Todd, Esq. which upheld the revocation.

60.     The Appeal Decision was upheld because Defendant Christopher V. Todd, Esq., an attorney in the State of New York reported and recommended that the dismissal of the charges is not determinative and since it has not been shown what element or elements necessary to constitute the crime were found lacking in dismissing the complaint. The dismissal of the complaint would not bar a finding that Appellant may have violated Section 265.35 of the Penal Law.

61.     Davenport has been, and continues to be, deprived of his use and enjoyment of his property, loss of his civil rights, incurred legal fees and has suffered emotion distress due to the manner in which he has been treated by the Defendants.

**The Policy (Applicable to the Plaintiff and the Class)**

62.     The Defendants has deliberately misread and misapplied Penal Law 400 to create and enforce an unconstitutional policy aimed at reducing the overall firearm ownership of Nassau County citizens, in particular in the minority community, attacking both the granting and continued possession of firearms licenses with its unconstitutional revocation "at any time" policy.

63.     Defendants have each created, modified, supervised, applied, justified and enforced this unconstitutional revocation "at any time" policy.

64.     This policy is effectuated by at least eight actions:

11

1. Defendants deny pistol license applications on the basis of race, ethnicity, and national origin under the guise of a "proper cause" standard;

2. Defendants incorrectly interpret, apply, enforce and justify the language within Penal Law §400.00(11) ("at any time") to mean instead "for any reason or no reason";

3. Defendants confiscate firearms without legal authority;

4. Defendants after suspending a pistol license, fails to immediately review the suspension;

5. Defendants bans all Second Amendment rights upon the revocation of a pistol license; even under the County's "at any time"/for any reason standardless standards;

6. Defendants prohibits all residents from receiving a "shall issue" home premise license under §400.00(2)(a);

7. Defends review all pistol licensees every five years instead of deferring to New York State as required; and

8. Defendants arbitrarily refuse to consider applications for five years following a revocation.

65. This policy is intended to reduce the total number of pistol licensees and firearm ownership within Nassau County.

66. This policy is intended to reduce the total number of pistol licensees and firearm ownership within the minority communities within Nassau County.

12

67.    The policy encourages those who choose to own a firearm to limit themselves to a rifle or shotgun, to avoid the risk of loss of all firearms rights.

68.    This policy is intended to create a Nassau County ban on ownership of any and all firearms as a result of a loss of a pistol license.

## CLASS ALLEGATIONS

69.    Davenport brings this action individually and as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) on behalf of all persons who have had their pistol licenses revoked pursuant to Penal Law §400.00(11), by the Defendants without a court order or without having engaged in any legally prohibited conduct, and are still being denied a pistol license pursuant to the Defendants' Policy (the "Class Members"), which has resulted in their loss of all firearms privileges under the Second Amendment in the County of Nassau.

70.    The Defendants intentionally, deliberately and with evil motive and bad faith, and callous indifference, misinterpreted, misapplied, and over extended their authority in violation of Penal Law §400 to create an unconstitutional, illegal and unauthorized basis of revocation of a pistol license "at any time"/ for any purpose, as stated in the Nassau County Pistol License handbook and numerous revocation letters to Class Members.

71.    Moreover, upon information and belief, the Defendants have extended this unconstitutional policy to apply this same power to remove all firearms from the home from citizens involved in Family Court proceedings even where the Temporary Order of Protection issued under the Family Court Act,  Articles 4, 5 ,6, 8 and/or 10 did not include

13

in the Order "box 12", to "Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed,…".

72.     Upon information and belief, this policy has been in effect for some time and caused great harm to class members. See *Panzella v. County of Nassau, et al.*, Index No. 13-cv-5640 (E.D.N.Y.); *Razzano v. County of Nassau et al.*, Civil Action No. CV-07-3983 (E.D.N.Y., February 28, 2011).

73.     Upon information and belief, the number of Class Members is so numerous that joinder is impracticable.

74.     Davenport believes there are at least 1,000 individuals whose claims are similar to Davenport's claims, and furthermore, that Davenport's claims are typical of the claims of absent Class Members. Class Members have sustained damages arising out of Defendants' violation of the Second, Fourth, and Fourteenth Amendments to the United States Constitution in the same manner that Plaintiff has sustained damages arising out of Defendants' violation of the Second, Fourth, and Fourteenth Amendments of the United States Constitution.

75.     The Class Members share the common question of laws with Davenport regarding Defendants' application of the "at any time" application of Penal Law §400.00(11) to pistol license revocation in Nassau County.

76.     The claims of Davenport as a class representative are typical of the Class Members' claims.

77.     Davenport's counsel will fairly and adequately protect the interests of absent Class Members. Davenport has retained competent litigation counsel and has no interests that are antagonistic to, or in conflict with, the Class Members. Davenport's

14

interests are, for purposes of this litigation, coincident with the interests of the Class Members.

**Grounds for Class Certification**

78.    Certification of the class is appropriate under Federal Rule of Civil Procedure 23(b)(1), 23(b)(2) or 23(b)(3).

79.    Certification is appropriate under Federal Rule of Civil Procedure 23(b)(2), et seq. as the Defendants have acted by maintaining an unconstitutional policy and refuse to modify the policy. This action and refusal to act applies generally to the Class Members, such that final injunctive or declaratory relief is appropriate respecting the class as a whole.

80.    Certification is appropriate under Federal Rule of Civil Procedure 23(b)(3), as the questions of law and fact common to the class members predominate over any questions affecting only the individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

81.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because the number of Class Members is so numerous that joinder of all Class Members is impracticable, and the expense and burden of the individual litigation makes it impracticable for the Class Members to adequately address the wrongs complained of herein. Davenport knows of no impediments to the effective management of this action as a class action.

82.    Common questions of law and fact predominate over questions that affect only individual Class Members. Among the questions of law and fact common to the Class Members are:

1. Whether Defendants have violated the Class Members' Second, Fourth, and Fourteenth Amendment Rights under the United States Constitution in Family Court Matters and in the interpretation of Penal Law §400;

2. Whether the Defendants willfully and knowingly continued to violate the Class Members' Second, Fourth and Fourteenth Amendment Rights under the United States Constitution;

3. Whether the Class Members are entitled to damages for conversion, for the surrender, loss or prohibition against ownership of all firearms, and if so, how much; and

4. Whether the Class Members are entitled to injunctive, declaratory, and/or monetary                                                                                         relief.

**Law Does Not Permit A Local Ban On Firearms Ownership**

83. Davenport has ownership of a shotgun which he is afraid to take possession of based upon the Defendants County wide ban on ownership of any firearm.

84. The application of the SAFE Act provisions of Penal Law §400.00(11) as it relates to the impact of the loss of a pistol license on an individual's right to own or possess longarms was previously addressed by this Court in 2014 in *Razzano v. State of New York*, 14-CV-1864 (LDW) (E.D.N.Y.) on this exact issue. *Razzano* was a case directly involving the newly enacted SAFE Act, and this very provision, where the County stated in open court that revocation of a Nassau County "proper cause" pistol license revocation ***would not result in a ban on the possession of rifles or shotguns***.

85. In fact, during oral argument for a Temporary Restraining Order in the 2014 *Razzano* case, the County represented to this Court that it would *not* interpret the

16

SAFE Act to treat pistol license revocation as a basis to confiscate unlicensed rifles and

shotguns.  David A. Tauster, Esq. stated on behalf of the County:

> I have to apologize to the Court, to my adversaries.  I misspoke in
> the County papers.  I think I clarified it later.
>
> But in any event, the issue is not so much whether an individual is
> not entitled to possess a license pursuant to the SAFE Act by the
> local licensing officials, it's whether you are ineligible pursuant to
> the statutory factors set forth in the penal law and federal law.
>
> The idea is not so much that Nassau County can revoke
> somebody's pistol license and forever prohibit [that individual]
> from possessing longarms.  **If one of the mandatory factors
> occur under the federal law in the first instance, further under
> State law, the individual would not have been entitled to
> possess a weapon.**
>
> **The County is not saying that the statute operates under
> Nassau County standards but pursuant to the State standards.
> It's a misstatement of the law in our papers and I apologize to
> the Court.  (***See*** Exhibit 2, p. 3, line 19 to p. 4, line 11).**

86.     Susan M. Connolly, Esq., the attorney for the State of New York in the

2014 *Razzano* case, reaffirmed that having a pistol license would ***not automatically make***

***one ineligible from owning an unlicensed shotgun or rifle under 400.00(11) the SAFE***

***Act*** as long as none of the federal law disqualifying factors are present:

> Your Honor, he [Plaintiff Razzano] is revoked [*i.e.*, barred from
> owning a handgun], not ineligible [to own an unlicensed shotgun or
> rifle].  He admits that none of the disqualifying factors in State or
> federal law apply to him; no mental health conditions, he doesn't have
> an Order or Protection against him, he hasn't been convicted of a
> serious offense or felony.  If any of those things were true about **Mr.
> Razzano, he would be ineligible and he wouldn't be able to own
> any weapon in any case regardless of the SAFE Act because of the
> federal and State law.  But he admitted none of those factors apply
> to him, therefore, he is not ineligible.**
>
> He would like his interpretation of ineligibility to be accepted by the
> Court.  Revocation doesn't equal ineligible.  You can be revoked from
> having a permit to carry a weapon because of your business.  Let's say

17

you are a jeweler, you stop being a jeweler, your permit for carrying a
weapon gets revoked.  (*See* Exhibit 2, p. 6, lines 7-23).

87.    Despite these previous representations made in open Court, the County

now has seeks to empower itself with the clearly unauthorized unconstitutional

interpretation of Penal Law §400.00(11) in direct contradiction to its prior position.  The

County claims now in 2019, Penal Law § 400.00(11) supports an independent grounds for

automatic disqualification from all firearms ownership upon the revocation of a pistol

license in Nassau County.[1]

88.    Moreover, Penal Law §400.00 contains a prohibition against

unconstitutional local laws related to the issuance of pistol license.

89.    According to Penal Law §400.00, Section 6:

Any license issued pursuant to this section shall be valid **notwithstanding
the provisions of any local law or ordinance**.  No license shall be
transferable to any other person or premises.  **A license to carry or
possess a pistol or revolver, not otherwise limited as to place or time of
possession, shall be effective throughout the state,** except that the same
shall not be valid within the city of New York unless a special permit
granting validity is issued by the police commissioner of that city.

90.    This limitation on the authority of the Nassau County Police

Commissioner has meant that, notwithstanding the local limitations in Nassau County

imposed on pistol license owners, a license to carry or possess a pistol or revolver issued

in Nassau County **is treated throughout the state as a traditional New York State full

carry license under Penal Law §400.00(2)(f).**

---

[1] Thus, pistol licensees are at a unique risk of losing all firearms rights.  Non-pistol license owners –
owners of rifles and/or shotguns – do not face the same threat.

LA REDDOLA, LESTER & ASSOCIATES, LLP | 600 OLD COUNTRY ROAD, SUITE 230 | GARDEN CITY, NY 11530

## FIRST CAUSE OF ACTION

**42 U.S.C. § 1983**
**Davenport and Class Members**
**Violation of Plaintiff Second, Fourth and Fourteenth Amendment Rights**
**as against all Defendants**

91.     Davenport repeats and realleges the allegations set forth in paragraphs above as if fully set forth herein.

92.     Defendants have infringed Plaintiff Davenport and Class Member's constitutional rights under the Second, Fourth and Fourteenth Amendments of the United States Constitution, laws and statues of the State of New York and the New York State Constitution.

93.     Ownership of firearms by individuals legally entitled to own or possess those firearms is a basic fundamental right protected by the Second Amendment of the United States Constitution.

94.     Davenport and Class Members are legally entitled to own and possess long arms, including his shotguns and rifles.

95.     Defendants have unlawfully taken or barred possession of the Davenport's and Class Member's handguns, rifles and shotguns pursuant to the February 7, 2019 letter from the NCPD, and similar such letters for all Class Members.

96.     Defendants have unlawfully retained or barred possession of the Davenports and Class Members handguns, rifles and shotguns pursuant to the February 7, 2019 letter from the NCPD and similar misconduct for all Class Members.

97.     Defendants have unlawfully revoked the Davenport's pistol license, rifles and shotguns without due process in that Davenport was not given a hearing prior to the

LA REDDOLA, LESTER & ASSOCIATES, LLP | 600 OLD COUNTRY ROAD, SUITE 230 | GARDEN CITY, NY 11530

determination revoking of his pistol license and rifles and shotguns pursuant to the February 7, 2019 letter from the NCPD and similarly for each Class Member.

98.      Defendants have unlawfully retained or caused Davenport to surrender or barred ownership of his handguns, shotguns and/or rifles without due process in that Davenport was not given a hearing prior to the determination of the pistol license matter, the confiscation, prohibition and retaining of firearms and ban on all firearms ownership.

99.      As a result, Defendants have and are interfering and have infringed upon Davenport and all Class Members ability to exercise his and their constitutional Second, Fourth and Fourteenth  Amendment rights.

100.     Based on the foregoing, Davenport and the Class Members are entitled to declaratory and injunctive relief as well as monetary damages as set forth below.


### SECOND CAUSE OF ACTION

**Davenport and Class Members**
**42 U.S.C. § 1983 – *Monell* Claim**
**As Against all Defendants**

101.     Plaintiff repeats and realleges the allegations set forth in paragraphs above as if fully set forth herein.

102.     The Defendants have created, implemented, continued, maintained and enforced  a policy under which owners of pistols lose their right to own or possess all types of  legally possessed firearms via revocation of their pistol license, without a pre-confiscation or post confiscation hearing and without a hearing on his eligibility to have his pistol license returned.

20

103.    This policy is implemented by the County through its administrative agencies such as the NCPD, and the Commissioner Patrick Ryder, in his individual and official capacity and on information and belief, the Appeals Officer Christopher V. Todd, Esq.., Nassau County Sheriff's Department, Nassau County Sheriff Vera Flood, John Doe #1 - 3", individually and in his official capacity, through "Jane Doe # 1-3", individually and in her official capacity as employees of the County of Nassau.

104.    This policy as implemented is unconstitutional and disparately impacts minorities, in that their pistol licenses are revoked and all other shotguns and/or rifles are retained or forced to be surrendered, all without due process.

105.    This policy and its continued implementation by the Defendants have caused the Davenport and Class Members both economic harm and emotional distress, and has placed similarly situated individuals in jeopardy of having their rights infringed.

106.    This policy and its continued implementation by the Defendants has deprived Davenport and Class Members of their constitutional rights.

107.    By reason of the foregoing, Plaintiff seeks a declaratory judgment, permanent injunctive relief and monetary damages for violations under *Monell* as set forth below.

### THIRD CAUSE OF ACTION

**Davenport and Minority Class Members**
**42 U.S.C. § 1981**
**As Against All Defendants**

108.    Plaintiff repeats and realleges the allegations set forth in paragraphs above as if fully set forth herein.

109.    Davenport is an African American male.

21

110.    Class Members are members of the minority community.

111.    Defendants have engaged in intentional discrimination against the rights of minority gun owners.

112.    The actions of the Defendants as set forth above constitute a violation of 42 U.S.C. § 1981.

113.    By reason of the foregoing, Davenport seeks a declaratory judgment, permanent injunctive relief and monetary damages for violations under *Monell* as set forth below.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1988 – Legal fees
### As Against All Defendants

114.    Plaintiff repeats and realleges the allegations set forth in paragraphs above as if fully set forth herein.

115.    By reason of the foregoing, Davenport is entitled to damages from all Defendants pursuant to U.S.C. § 1988(b) in an amount this Court deems just and proper and as set forth below.

## FIFTH CAUSE OF ACTION

### Conversion
### (As Against All Defendants)

116.    Plaintiff repeats and realleges the allegations set forth in paragraphs above as if fully set forth herein.

117.    The Defendants unjustifiably continue to confiscate and retain possession of Davenport's and the Class Members' Handguns and Longarms without cause or legal authority and without a remedy for Davenport  and the Class Members.

22

118.    Davenport has made a demand for the return of his property.

119.    Upon information and belief, the Class Members have made demand for the return of their property that have not been responded to.

120.    The fair and reasonable total value of the Class Members' Longarms is unknown.

121.    By reason of the foregoing, the Class Members have been damaged in a sum in the amount of no less than $5,000,000.

**SIXTH CAUSE OF ACTION**

**Replevin**
**(As Against All Defendants)**

122.    Plaintiff repeats and realleges the allegations set forth in paragraphs above as if fully set forth herein.

123.    Defendants barred possession and  took and retained Davenport and the Class Members' Longarms.

124.    The continued prohibition and or detention of Davenport's and the Class Members' Longarms by the Defendants is wrongful.

125.    Davenport  and the Class Members demand compensation for the firearms that were taken or prohibited and retained by the Defendants.

126.    Davenport  and the Class Members have no adequate remedy at law.

127.    By reason of the foregoing, Davenport and the Class Members are entitled to an order and judgment of replevin or compensation directing Defendants to return Longarms or their value to Class Members.

**JURY TRIAL DEMANDED**

23

128.    Plaintiff Davenport hereby demands jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

i:      First Cause of Action: Awarding Plaintiff and the Class Members damages in excess of $10,000,000.00;

ii:     Second Cause of Action Awarding Plaintiff and the Class Members damages in excess of $10,000,000.00;

iii:    Third Cause of Action: Awarding Plaintiff and the Minority Class Members damages in excess of $10,000,000.00;

iv:     Fourth Cause of Action: Attorneys fees, costs and disbursements of this action pursuant to 42 U.S.C. 1988(b) in an amount this Court deems proper and appropriate;

v:      Fifth Cause of Action for Conversion: Awarding Plaintiff and the Class Members damages in excess of $5,000,000.00;

vi:     Sixth Cause of Action for Replevin: the return of all Davenport and Class Members' property currently in the possession of the Defendants, or communication indicating they are no longer considered to be prohibited individual; and

vii:    Enter a declaratory judgment that Defendants willfully violated the rights of Davenport and Class Members that are secured by the federal and state constitution, as alleged herein;

viii:   Issue temporary,  preliminary and permanent injunctions:

24

a. **ENJOINING** the destruction, sale or other disposition of Longarms of Class Members; and

b. **ENJOINING** Defendants from revoking a Nassau County pistol licenses "at any time"/ for any reason, unless the individual is also otherwise disqualified under Penal Law § 400 or Federal Law.

c. **ENJOINING** Defendants from seizing or retaining any rifles or shotguns from the citizens of Nassau County; until such time that Defendants create a Constitutional policy for the return of the long arms upon an Order of Dismissal of the Order of Protection or Temporary Order of Protection, under Nassau County Charter Article XX, Section 2002 to their lawful owners who are under no legal infirmity to own a rifle or shotgun; or

d. **DIRECTING** that post-deprivation hearings to be conducted pursuant to *Razzano v. County of Nassau et. al.,* 07-CV-3983 (ADS)(AKT)(E.D.N.Y. February 28, 2011) for all shotguns and rifles owned by Plaintiff and the Class Members currently in the possession of Defendant County of Nassau and Nassau County Sheriff's Department; or

e. **ENJOINING** and **DIRECTING** requiring the County of Nassau and Nassau County Sheriff's Department to (i) return all the long arms that it wrongfully possess' to the Class Members and (ii) institute a fair and adequate procedure for the handling of shotguns and rifles in County of Nassau and Nassau County Sheriff's Department that does not violate the due process requirements of the State and Federal Constitution; and (iii)

25

notify those who were told they were barred from all firearms ownership that they are not longer under such prohibition;

    f.  Requiring education for all Nassau County officials related to firearms ownership and the constitutional rights of firearms owners;

ix:    Granting such other legal and equitable relief as this Court deems just and proper.

Dated: Garden City, New York
       September 6, 2019

                      La REDDOLA, LESTER
                        & ASSOCIATES, LLP

By    /Robert J. La Reddola/
        Robert J. La Reddola, Esq.,
        Attorneys for Plaintiff
        600 Old Country Road, Suite 230
        Garden City, New York 11530
        (516) 745-1951