UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x
RUSSELL DAVENPORT,

Plaintiff,

-against-

COUNTY OF NASSAU, et al.,

Defendants.
---------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:19-cv-05097-FB-RLM

*Appearances:*

*For the Plaintiffs*:
ROBERT J. LA REDDOLA
La Reddola, Lester & Associates, LLP
600 Old Country Road, Suite 230
Garden City, NY 11530

*For the Defendants*:
RALPH J. REISSMAN
ANDREW R. FUCHS
IAN BERGSTROM
Nassau County Attorney's Office
One West Street
Mineola, NY 11501

**BLOCK, Senior District Judge:**

Plaintiff Russell Davenport ("Davenport") brings this action against defendants County of Nassau ("County"), Nassau County Police Department, Nassau County Sheriff's Department, Patrick Ryder, Christopher V. Todd, Esq., Nassau County Sheriff Vera Fludd, John Doe #1-3, and Jane Doe #1-3.

Pursuant to 42 U.S.C. § 1983, Davenport seeks a declaratory judgment, monetary damages, and injunctive relief to remedy alleged violation of his Second, Fourth, and Fourteenth Amendment rights. He states both direct and *Monell*

claims. He further alleges intentional discrimination in violation of 42 U.S.C. § 1981, seeks relief based on state law claims for replevin and conversion and seeks reasonable attorney's fees. His complaint includes class allegations.

Defendants move to dismiss all of Davenport's claims under Federal Rule of Civil Procedure 12(b)(6). The motion is granted in part and denied in part.[1]

**I.**

Davenport is a former law enforcement officer and a certified firearms instructor. He carried a pistol license granted by the Nassau County Police Department.

On January 13, 2017 at approximately 4:30 a.m., Davenport confronted an individual he did not recognize in his yard. In the course of the confrontation, Davenport discharged his firearm. The individual in Davenport's yard was an animal exterminator Davenport had hired.

The Nassau County's District Attorney Office prosecuted Davenport in connection with the events of January 13, 2017. However, the charges were

---

[1] Although the parties have addressed, in limited form, the viability of plaintiff's class allegations, the Court declines to reach the class allegations at this stage of the litigation. "[M]otions [to strike class allegations] are disfavored and rarely granted because they require 'a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.'" *Woods-Early v. Corning Inc.*, 330 F.R.D. 117, 122 (W.D.N.Y. 2019) (quoting *Belfiore v. Procter & Gamble Co.*, 94 F.Supp.3d 440, 447 (E.D.N.Y. 2015)).

dismissed on January 14, 2019. On February 10, 2019, the Nassau County Police Department's Pistol License Section revoked Davenport's pistol license and removed firearms from his possession, citing Davenport's "unlawful use of a firearm" and "lack of good moral [c]haracter." *See* Supplemental Materials from Defendant's First Motion to Dismiss at 4, ECF No. 26. Davenport unsuccessfully requested reinstatement of the pistol license and firearms to the Pistol License Section. After denial of that request, Davenport appealed the determination. Defendant Christopher V. Todd, Esq.[2] affirmed the denial, and Davenport commenced this suit challenging revocation of his pistol license and removal of all firearms from his possession.

**II.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory"

---

[2] Mr. Todd is the Appeals Officer of the Nassau County Police Department. *See* Supplemental Materials from Defendant's First Motion to Dismiss at 1, ECF No. 26.

allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts should "draw all reasonable inferences in Plaintiffs' favor, assume all 'well-pleaded factual allegations' to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal citations omitted).

A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

**III.**

**A. Section 1983 and *Monell***

Davenport's core claim is that his right to own firearms is a "fundamental right protected by the Second Amendment," and that the defendants have "unlawfully taken or barred possession of" his "handguns, rifles and shotguns." Complaint at 19, ECF No. 1.

The Court begins with two foundational principles. First, "the Second Amendment confer[s] an individual right to keep and bear arms." *Henry v. Cty. of Nassau*, No. 20-1027-CV, -- F.4th --, --, 2021 WL 3135979, at *6 (2d Cir. July 26,

2021) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008)). Second, the "'right to keep and bear arms [is] an individual right' and the Second Amendment must be treated in a manner that is 'consistent with jurisprudential experience analyzing other enumerated rights.'" *Henry*, 2021 WL 3135979, at *6 (quoting *Kachalsky v. Cty. of Westchester*, 701 F.3d 81, 93 (2d Cir. 2012)).

As required by *Henry*, the Court finds Davenport has alleged a substantial burden on his Second Amendment rights and therefore turns to:

> []examine whether strict or intermediate scrutiny applies to [plainitff's] claims. … [T]hat determination will depend on whether there is a reliable basis for concluding that Henry is not law-abiding and responsible.

*Id*. at 9.

The first prong – whether Davenport is law abiding – is easily assessed. Although Davenport was prosecuted in state court in connection with the January 13 shooting incident, the case was ultimately dismissed. Davenport is plainly law-abiding.

The second prong – whether Davenport is responsible[3] – is more difficult to assess. Davenport is a former member of law enforcement who served as a corrections officer. Yet, his behavior on the morning of January 13, 2017 was

[3] The quality of being responsible is defined as "[s]ensible and trustworthy; possessing good judgment." Black's Law Dictionary (11th ed. 2019)

highly concerning and reflected a distinct lack of judgment.[4] That Davenport is a former federal and state certified firearms instructor suggests he likely received and even provided training that should have allowed him to avoid the type of scenario that unfolded – discharging his firearm in close proximity to a person who was on his property because he had been previously hired to perform extermination services.

In light of the foregoing, the Court cannot discern a "reliable basis" to conclude that Davenport is a "responsible" gun-owner following the January 13 shooting incident. *Id*. at 9. Accordingly, the Court believes intermediate, not strict, scrutiny[5] applies to Davenport's claim. Nonetheless, post-*Henry*, the Court must hold that the "[plaintiff] has alleged a substantial burden on his Second

---

[4] The parties dispute what transpired on January 13, 2017. The defendants contend "[t]he bullet discharged in the direction of the exterminator" and that the "exterminator maintains the ammunition was intentionally discharged in his direction." Defendant's First Motion to Dismiss at 9, ECF No. 25-2. In plaintiff's view, "[t]he bullet was discharged into the ground, following the exterminator charging Davenport in Davenport's backyard." Memorandum in Opposition to Defendant's Motion at 8, ECF No. 27. As is required at this stage, the Court must credit the plaintiff's version of the facts. It is, however, undisputed that the incident involved the discharge of a firearm at close range after Davenport confronted an individual he had hired to perform extermination services.

[5] To satisfy intermediate scrutiny in the Second Amendment context, "the government must show reasonable inferences based on substantial evidence indicating that the [state action is] substantially related to the governmental interest in public safety and crime prevention." *Id*. at 7 (internal citations omitted).

Amendment rights." *Id*. at 6. The motion to dismiss Davenport's § 1983 claim is therefore denied.

Moreover, since the complaint plausibly alleges "action pursuant to official municipal policy" which "caused a constitutional tort," the defendants may be held liable pursuant to *Monell v. Dep't of Soc. Serv. of Cty. of New York*, 436 U.S. 658, 690 (1978). *See also Henry*, 2021 WL 3135979, at *8 ("we also reverse the district court's dismissal of [plaintiff's] claim for municipal liability under *Monell")*.[6]

**B. Replevin and Conversion**

Davenport's state law claims for conversion and replevin are properly pled and survive the motion to dismiss.

The "[t]wo key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's right." *Petrone v. Davidoff Hutcher & Citron, LLP*, 150 A.D.3d 776, 777, 54 N.Y.S.3d 25 (N.Y. App. Div. 2d Dep't 2017) (internal citation omitted). Davenport plausibly alleges that he has a

[6] In *Henry*, the Second Circuit Court of Appeals did not explain why the *Monell* claim survived the motion to dismiss other than noting the "complaint allege[d] that the County acted pursuant to official policy" and that "the violation of [Henry's] constitutional rights resulted from a municipal custom or policy," *Id*. at 2, 8 (citing *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011)). The same allegations are included in this case. *See* Complaint at 20, ECF No. 1.

possessory right in his firearms and that the County has taken them and interfered with his right to use them.

"To state a cause of action for replevin, a plaintiff must allege that he or she owns specified property, or is lawfully entitled to possess it, and that the defendant has unlawfully withheld the property from the plaintiff." *Khoury v. Khoury*, 78 A.D.3d 903, 904, 912 N.Y.S.2d 235 (N.Y. App. Div. 2d Dep't 2010) (citing *Hofferman v Simmons*, 290 NY 449, 455 (1943)). The complaint plausibly alleges that Davenport is lawfully entitled to possess his firearms and that they have been wrongfully withheld by the defendants.

C. **Section 1981**

Citing 42 U.S.C. § 1981, Davenport alleges the defendants have "engaged in intentional discrimination against the rights of minority gun owners." Complaint at 22, ECF No. 1. He seeks "a declaratory judgment, permanent injunctive relief and monetary damages for violations under *Monell*." *Id*.

"'In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent.'" *Henry*, 2021 WL 3135979, at *9 (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994)). Here, as in *Henry*, "the plaintiff has not offer[ed] more than conclusory allegations that he was discriminated against because of his race

and has therefore failed to state a claim under § 1981." 2021 WL 3135979, at *9 (internal citation omitted).

**D. Claims Against Administrative Arms of Nassau County**

As administrative arms of Nassau County, the Nassau County Police Department and Nassau County Sheriff's Department cannot be sued as a matter of law. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *Melendez v. Nassau Cty.*, No. 10-CV-2516 SJF WDW, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (quoting *Davis v. Lynbrook Police Dep't*, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002); *see also Henry*, 2021 WL 3135979, at *2. All claims against these entities are therefore dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss is GRANTED (1) as to the § 1981 claim and (2) as to all claims against the Nassau County Police Department and Nassau County Sheriff's Department. The motion is DENIED in all other respects.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 9, 2021